**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DELESHIA FREEMAN ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,

    PLAINTIFF,           CASE NO.:

VS.

BIG BANG ENTERPRISES, INC. D/B/A THE RETAIL OUTSOURCE, A FLORIDA FOR PROFIT CORPORATION,

    DEFENDANT.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DELESHIA FREEMAN, on behalf of herself and those similarly situated ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, BIG BANG ENTERPRISES, INC. D/B/A THE RETAIL OUTSOURCE, a for profit corporation ("Defendant") for unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION & VENUE

1. Defendant, BIG BANG ENTERPRISES, INC. D/B/A THE RETAIL OUTSOURCE, is a Florida for profit corporation that operates and conducts business in Orlando, Florida (Orange County) and is therefore, within the jurisdiction of this Court.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA. This Court also has jurisdiction under 28 U.S.C. §§ 1331. Venue is proper

under 28 U.S.C. § 1391. These claims arise under the laws of the United States.

3. The venue of this Court over this controversy is proper based upon the claim arising in Orange County, Florida.

## PARTIES

4. Plaintiff, DELESHIA FREEMAN, was an employee of the Defendant within the last three (3) years for Defendant in Orlando, Florida (Orange County)

5. Defendant, BIG BANG ENTERPRISES, INC. D/B/A THE RETAIL OUTSOURCE, is a private corporation which facilities the sale of certain goods in cluding wireless and celular devices, and other services.

## COVERAGE

6. At all material times relevant to this action (2016-2019), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

7. At all material times relevant to this action (2016-2019), Defendant made gross earnings of at least five hundred thousand dollars ($500,000.00) annually.

8. At all material times relevant to this action (2016-2019), Defendant accepted payments from customers based on credit cards issued by out of state banks.

9. At all material times relevant to this action (2016-2019), Defendant routinely ordered materials or supplies from out of state.

10. At all material times relevant to this action (2016-2019), Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce.

11. At all material times relevant to this action (2016-2019), Defendant used U.S. mail to send and receive letters to and from other states.

12. At all material times relevant to this action (2016-2019) facilitate the sale of cellular, wireless, and other electronics and accessories which were shipped and/or delivered through interstate highways, which resulted in interstate commerce.

13. At all times relevant to this action (2016-2019), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## FACTUAL ALLEGATIONS

14. Plaintiff was an "Wireless Sales Representative" and performed related activities for Defendant in Orlando, Florida (Orange County).

15. Plaintiff worked for Defendant from approximately March 12, 2018 to February 14, 2019.

16. In this capacity, Plaintiff earned a rate of pay of $10.50 per hour plus commission, and incentive bonuses ("regular rate of pay"), from March 12, 2018 to February 14, 2019.

17. During Plaintiff's employment, Plaintiff worked in excess of forty (40) per work week during one or more work weeks.

18. Specifically, Plaintiff would work over 50 hours per week.

19. However, Plaintiff was not paid overtime compensation of one and a half times her regular rate of pay per hour, including all earnings, for overtime hours worked.

20. Defendant failed to include all of Plaintiff's non-discretionary income in her regular rate of pay when calculating overtime pay due to Plaintiff.

21. As a result, Plaintiff should have received compensation at time and one half her regular rate of pay for all hours worked beyond the forty (40) hours per week.

22. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

23. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff and the class members performed the same or similar job duties as one another in that they provided sales services for Defendants.

25. Plaintiff and the class members regularly work overtime hours and were not paid time and one-half compensation for the same at regular rate of pay including all compensation in violation of the FLSA's requirement for provisions to be made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

26. Defendants' common policy violations have caused Plaintiff and the class members to receive less than time and one-half compensation for the same at regular rate of pay including all compensation.

27. Thus, the class members are similar with regard to their wages for the same reasons as Plaintiff.

28. These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of federally mandated time and one-half compensation for the same at regular rate of pay including all compensation for all hours worked over forty (40) in a work week to Plaintiff apply to all class members. Accordingly, the class members are properly defined as:

> **All sales employees subject to Defendants' overtime wage violations, who worked at Defendants' business entities within the last three years**

29. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members at a rate of at least the statutorily prescribed overtime wage.

30. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

31. During the relevant period, Defendants violated § 207(a)(1), § 215(a)(2) and § 207(e), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees at time and one-half their regular rate of pay for hours worked in excess of forty (40) hours within a work week during one or more weeks.

32. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 32 above.

34. Plaintiff and those similarly situated employees are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

35. During her employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same at her regular rate of pay including all compensation.

36. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate Plaintiff for the same.

37. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

38. As a direct and proximate result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated have been damaged and entitled to liquidated damages.

WHEREFORE, Plaintiff, DELESHIA FREEMAN, on behalf of herself and those similarly situated employees, demands judgment against Defendant, BIG BANG ENTERPRISES, INC. D/B/A THE RETAIL OUTSOURCE for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees

and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

39. Plaintiff demands a jury trial on all issues so triable against Defendant.

## RELIEF REQUESTED

Plaintiff respectfully requests:

i. That the Court declare that Defendant violated the aforementioned causes of action;

ii. A jury trial and entry of judgment in Plaintiff's favor;

iii. Back overtime pay;

iv. Liquidated damages;

v. Attorney's fees and expenses;

vi. Prejudgment interests, and, if applicable, post-judgment interest; and

vii. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which she may be entitled.

Dated this 19th day of August, 2019.

Respectfully submitted by,

*s/Bobby A. Lean, Jr.*
Carlos V. Leach, Esq.
Fla. Bar No. 0540021
Bobby A. Lean, Jr., Esq.
Fla. Bar No. 118769
THE LEACH FIRM, P.A.
1950 Lee Road, Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999 ext. 416
Facsimile: (833) 813-7512


Email: blean@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***